People v Brown (2022 NY Slip Op 01483)





People v Brown


2022 NY Slip Op 01483


Decided on March 10, 2022


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered:March 10, 2022

110786
[*1]The People of the State of New York, Respondent,
v
James D. Brown,

Calendar Date:February 4, 2022

Before:Lynch, J.P., Aarons, Pritzker, Fisher and McShan, JJ.

Stephen J. Carney, Schenectady, for appellant.
Paul Czajka, District Attorney, Hudson (James A. Carlucci of counsel), for respondent.



Appeal from a judgment of the County Court of Columbia County (Nichols, J.), rendered September 28, 2018, convicting defendant upon his plea of guilty of the crime of criminal possession of marihuana in the first degree.
Defendant and a codefendant were indicted and charged with one count of criminal possession of marihuana in the first degree. Pursuant to a negotiated disposition, defendant, who was 62 years old at the time, and his codefendant each agreed to plead guilty to the charged crime without a sentencing commitment from County Court and each retained their respective rights to appeal. Defendant and his codefendant pleaded guilty in conformity with the plea agreement, and the matter was adjourned for sentencing. County Court thereafter sentenced defendant to a prison term of five years followed by two years of postrelease supervision; defendant's codefendant received a split sentence of six months in jail followed by five years of probation. This appeal by defendant ensued.
Defendant contends that the sentence imposed was harsh and excessive.[FN1] To be sure, neither the fact that defendant's codefendant received a lesser sentence (see People v Sindoni, 158 AD3d 899, 899 [2018], lv denied 31 NY3d 1017 [2018]) nor subsequent legislative enactments (see Marihuana Regulation and Taxation Act, L 2021, ch 92, repealing Penal Law § 221.30 [eff Mar. 31, 2021]) warrants modification of defendant's sentence. That said, in light of defendant's age, physical condition, prior criminal history and the period of incarceration he already has served (more than three years), we agree that defendant's sentence should be reduced in the interest of justice to time served (see generally People v Persen, 185 AD3d 1288, 1295-1296 [2020], lv denied 36 NY3d 1099 [2021]).
Lynch, J.P., Aarons, Pritzker, Fisher and McShan, JJ., concur.
ORDERED that the judgment is modified, as a matter of discretion in the interest of justice, by vacating the sentence imposed; defendant is sentenced to time served; and, as so modified, affirmed.



Footnotes

Footnote 1: The People concede that the sentence imposed was harsh and excessive and should be reduced in the interest of justice to time served.